CARNES, Circuit Judge,
concurring in the denial of rehearing en banc:
I concur in the denial of rehearing en banc for reasons that have nothing to do with the merits of the Eighth Amendment *1115 issue addressed in Judge Barkett’s dissenting opinion.
Because en banc decision making requires substantial expenditure of scarce appellate court resources, the rules wisely provide that rehearing en banc should be granted only when necessary “to secure or maintain uniformity of the court’s decisions,” or when “the proceeding involves a question of exceptional importance.” Fed. R.App. P. 35(a). As the Advisory Committee Notes twice remind us, those are intended to be “rigid standards.” Fed. RApp. P. 35(b) advisory committee’s note (1998 amendment). There is no suggestion that the panel’s decision on the Eighth Amendment issue in this case conflicts with the holding of a prior decision of this circuit. Instead, the pivotal inquiry is whether the Eighth Amendment issue in this proceeding is a question of “exceptional importance.”
To be exceptionally important in a proceeding, an issue must at least matter to the outcome of that proceeding. Otherwise, the parties will not care about it; they should not be asked to spend the time and effort to litigate the issue through the en banc stage; and deciding it becomes nothing more than an academic exercise insofar as the case is concerned. There is nothing exceptional about an issue that does not matter to the outcome of the case.
The panel held, and no judge of this Court appears to dispute, that Boxer X has stated a valid claim for violation of his Fourth Amendment right to privacy. It matters not to the disposition of this case whether the same factual allegations that establish the violation of Boxer X’s Fourth Amendment rights also establish a violation of his Eighth Amendment right to be free of cruel and unusual punishment.
The provisions of the Prison Litigation Reform Act do not vary with the type or number of the constitutional rights claimed to have been violated. So far as the PLRA is concerned it makes no difference whether a given set of facts violates one or a half dozen constitutional provisions. The right to injunctive, compensatory, or punitive damages relief does not vary with the number of constitutional rights that are violated. If Boxer X is entitled to X dollars because certain conduct violates his Fourth Amendment rights, he is not entitled to any more than X dollars if that same conduct also violates his Eighth Amendment rights. No one has suggested, and I have not been able to imagine, a single piece of evidence that would be admissible if the case were to proceed on an Eighth Amendment theory that will not be admissible when it proceeds on the Fourth Amendment theory the panel has upheld.
It might be suggested that the panel decision, if wrong, will confuse Eighth Amendment law and lead the bench and bar astray in future cases. I doubt that. More importantly, I doubt if it will matter in any situation where it may happen. Our decisions are controlling only in cases involving materially similar facts. If the facts in a future case are similar enough to those in this case for the panel’s decision to apply, the plaintiff in that future case will have a valid privacy rights violation theory just as Boxer X has one. The Eighth Amendment holding won’t matter in the future case for the same reasons it does not matter in this case. If it does matter in some future case whether facts like these violate the Eighth Amendment as well as the Fourth Amendment, then that case is the one in which we ought to take the extraordinary step of going en banc. We should not do it in a case where the decision of the en banc court will make no difference to the result.
Judge Barkett insists that “courts are required to adjudicate each claim on its merits without regard to the merits of *1116 other claims.” Of course a district court is required to do that, and so is a court of appeals sitting as a panel and discharging the mandatory duty of appellate review. And that is exactly what the panel in this case did. A federal appellate court in the form of a panel of three judges of this Court has decided every issue that Boxer X has presented. But appellate courts are not required to take the extraordinary step of granting en banc review in order to re-adjudicate every issue involving each claim or defense a litigant presents. If they were, en bane review would be granted in every case. The question before the house is not whether a litigant is entitled to one level of appellate review of the issues affecting his claims but how our discretionary power to sit as an en banc court should be exercised. While a plaintiff may be the master of his complaint, he is not the master of the en banc court.
Judges, acting like law professors, sometimes get caught up in the twists and whirls of a legal issue and debate beyond the point of conceivable consequence the doctrinal tags and tickets to be attached. Especially when deciding whether to take the extraordinary step of going en banc, we should keep in mind that the role of our court system in civil cases is not to decide how many analytical angels can dance on the head of a particular injury. Our role is to determine whether the plaintiff before the court is entitled to relief. We ought to leave the academic points to the academy, and by denying rehearing en banc today we do that.